IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GABRIEL S. APILANDO, | ) | 1:12-CV-00427 LEK-BMK |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION AND |
| | ) | DENYING A CERTIFICATE OF |
| vs. | ) | APPEALABILITY |
| | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

On July 30, 2011, *pro se* Petitioner Gabriel S. Apilando, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner challenges his convictions and sentences in the Circuit Court of the First Circuit, State of Hawaii ("circuit court"), Cr. Nos. 01-0-0098 and 01-1-0424. Petitioner has now named a proper Respondent, ECF #8, and responded to the court's Order to Show Cause why the Petition should not be dismissed as time-barred, ECF #9.

For the following reasons, the Petition is DISMISSED with prejudice as time-barred. Petitioner's request for transcripts is DENIED. Any request for certificate of service is DENIED.

### I. BACKGROUND

Petitioner pled guilty and was sentenced to a twenty year term of imprisonment for Robbery in the First Degree in Cr. No. 01-0-0098, and a ten year term for Accomplice to Attempted Escape in 01-1-0424 on or about September 30, 2004. *See* Pet.

App. 2, *Apilando v. State*, No 29930 (Haw. App. 2009), ECF #1-2;[1] *see also* http://hoohiki1.courts.state.hi.us/jud/Hoohiki/. Judgment entered that same day.

On October 8, 2004, the Hawaii Paroling Authority ("HPA") set Petitioner's minimum term for both convictions at one year and six months, based in large part on an oral recommendation for a one-year minimum term that the Deputy Prosecutor made at the change of plea hearing. Petitioner did not directly appeal his convictions in either criminal case. *See id.* Petitioner completed his minimum term and was released on parole in April 2005.

Approximately two and a half years later, on December 5, 2007, Petitioner's parole was revoked due to violations of the terms and conditions of his parole. On December 12, 2007, Petitioner wrote the circuit court to appeal his robbery conviction.[2] The circuit court construed the document as a non-conforming petition for post-conviction relief

---

[1] The court accepts the facts as set forth in the Hawaii Intermediate Court of Appeals ("ICA") opinion and placed in evidence by Petitioner. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court, a determination of a factual issue made by a State court shall be presumed to be correct.); *see also McNeal v. Adams*, 623 F.3d 1283, 1285 n.1 (9th Cir. 2010) (citing *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004)).

[2] The Rule 40 Petition was later amended to include a challenge to Apilando's Accomplice to Escape in the First Degree conviction.

2

pursuant to Hawaii Rules of Penal Procedure ("HRPP") Rule 40(c)(2), S.P.P 08-1-0006.

On June 8, 2009, the circuit court denied the Rule 40 petition on all grounds except Ground Two, which alleged that Petitioner's plea agreement was illegally induced. *See* Findings of Fact, Conclusions of Law and Order, App. 5, ECF #1-5. In Ground Two, Petitioner argued that the Deputy Prosecutor had promised to write a letter to the HPA recommending a one-year minimum term, and did not. Moreover, another Deputy Prosecutor sent a letter to the HPA, recommending a ten-year minimum term. The circuit court appointed Deputy Attorney General Jeffrey A. Hawk to represent Petitioner and held a hearing on the issue. The circuit court thereafter determined that the Deputy Prosecutor had, in fact, failed to provide this letter to the HPA and that the plea agreement was therefore unlawfully induced. The circuit court held that Petitioner was entitled to withdraw his guilty plea in both cases. The State appealed.

On October 28, 2010, the ICA reversed the circuit court, finding that, although the Deputy Prosecutor failed to send a letter to the HPA as promised, "[t]here is ample evidence in the record that the [HPA] considered Deputy Prosecutor Wada's recommendation." *See* App. 2, *Apilando v. State*, No. 29930, ECF #1-2 at PageID #24. The ICA noted that the HPA had explicitly acknowledged the Deputy Prosecutor's one-year minimum term recommendation made at the change of plea hearing and set

Petitioner's minimum term *below* the state's guideline minimum terms for his convictions. The ICA stated that "[Petitioner] received the benefit of the plea agreement [while he was on parole] and then waited over four years before bringing the technical violation [of the plea agreement] to the court's attention." *Id.* The ICA vacated the circuit court's order and reinstated Petitioner's convictions and sentences. The Hawaii Supreme Court denied Petitioner's application for *certiorari* on April 5, 2011. *See Apilando v. State*, SCWC-29930, 2011 WL 1335728 (Haw. 2011).

Petitioner filed this Petition on July 26, 2012, when he gave it to prison authorities for mailing to this court.[3] *See* ECF #1-7, Att. 7 (mailing documentation).

The Petition raises four grounds for relief, although these grounds are not clear. In Ground One, Petitioner claims ineffective assistance of trial counsel, Glenn Choy, Esq., for Choy's alleged failure to appeal Petitioner's conviction based on "the breach of the plead agreement." Pet., ECF #1 at 6. Petitioner states that he asked Choy to file an appeal "while on parole." *Id.*

---

[3] Pursuant to the mailbox rule, as set forth in *Houston v. Lack*, 487 U.S. 266, 271–76 (1988), the date a prisoner provides a federal habeas application to prison authorities for mailing is treated as the date of filing for statute of limitations purposes.

4

In Ground Two, Petitioner complains that Deputy Prosecutor Lori Wada failed to write a letter recommending a one-year minimum term to the HPA, and instead, Deputy Prosecutor Russell Uehara wrote a letter to the HPA recommending a ten-year minimum term.

In Ground Three, Petitioner complains again that his attorney, Glenn Choy, failed to file a direct appeal and told Petitioner that appeal was not possible under the terms of his plea agreement. Petitioner also says that his post-conviction attorney, Jeffrey Hawk, similarly advised him that he had no basis to appeal after he pleaded guilty. *See* Pet., ECF #1 at 10 ("advised by Attrny Jeffrey Hawk (Rule 40 counsel) that I did not need to" raise this issue on direct appeal). Petitioner further claims that Choy did not return his telephone calls for a year.

Finally, in Ground Four, Petitioner claims that "the altered confession statement recorded by Det. Tamashiro was fabricated. It's only (1) one of several statements take[n] while interrogated." Pet., ECF #1 at 11. Petitioner claims that Hawk advised him not to raise this issue in his post-conviction petition, which is why Petitioner failed to exhaust this claim.

## II. 28 U.S.C. § 2244(d)

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides a one year period of limitation on applications for writ of habeas corpus by persons in custody pursuant to state court judgments. The limitation period runs

5

from the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This limitation period is subject to certain statutory and equitable tolling conditions. *See* 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting statutory tolling under 2244(d)(2) to state, not federal petitions); *Holland v. Florida*, --- U.S. ----, 130 S. Ct. 2549, 2560-62 (2010); *Corjasso v. Ayers*, 278 F.3d 874, 877-79 (9th Cir. 2002) (holding that, on a showing of extraordinary circumstances, equitable tolling may apply to part or all of a petition).

### III. DISCUSSION

A district court may *sua sponte* raise the statute of limitation issue when the habeas corpus petition is obviously untimely on its face. *Day v. McDonough*, 547 U.S. 198, 210 (2006). The court may dismiss the petition after it "provides the petitioner with adequate notice and an opportunity to

respond." *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**A. The Conclusion of Direct Review: § 2244(d)(1)**

Petitioner's conviction was final thirty days after the time to appeal his conviction and sentence expired, on or about October 30, 2004. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) (holding that, if a petitioner could have sought review by the highest state court but did not, his conviction becomes final when the time for seeking such review elapses); *see also* Haw. R. App. P. 4(b) (providing thirty days to appeal in criminal cases). The statute of limitations commenced running on October 31, 2004, and absent tolling, expired on **October 30, 2005**, unless subsections B, C or D of § 2244(d)(1) apply. *See* 28 U.S.C. § 2244(d)(1)(A).

Subsection B of § 2244(d)(1) does not apply. Petitioner does not allege, and this court finds no indication, that any illegal state action prevented petitioner from filing the Petition sooner.

Subsection C of § 2244(d)(1) has no application here. Petitioner does not rely on any constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Subsection D of § 2244(d)(1) does not furnish a later trigger date for the commencement of the statute of limitations. Petitioner knew no later than October 8, 2004, the date of his minimum term hearing, that Wada failed to send a letter

7

recommending a one-year minimum term and that Uehara had recommended a ten-year minimum term.  Petitioner was also aware no later than October 15, 2004, when the HPA fixed his minimum term, that he was given a one-year and six month minimum term, a term that was below the two-to-five year *lowest* minimum term set forth in the HPA's guidelines for Petitioner's offense.  These occurred *before* his conviction became final.  Yet Petitioner served that minimum term, and never raised this issue until December 12, 2007, after he had been paroled for two and a half years and his parole was revoked.

Consequently, the statute of limitations commenced running on October 31, 2004, and, absent tolling, expired no later than October 30, 2005.

**B.    Statutory Tolling Under § 2244(d)(2)**

Under 28 U.S.C. § 2244(d)(2), the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Filing a post-conviction petition *after* the statute of limitation has expired, however, does not revive statutory tolling once the statute of limitation has expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.) (section 2244(d) does not permit reinitiation of limitations period that ended before state petition filed), *cert. denied,* 540 U.S. 924 (2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Green v. White*, 223 F.3d

8

1001, 1003 (9th Cir. 2000). Petitioner's December 12, 2007, post-conviction proceedings did not, therefore, toll or restart the statute of limitation on his claims.

Even if the time between the expiration of Petitioner's direct review, October 30, 2004, and the date he filed the December 12, 2007, post-conviction petition is tolled, the Petition remains time-barred. The Hawaii Supreme Court denied review of the ICA's decision reinstating Petitioner's sentence on April 5, 2011. Petitioner did not file the present Petition until July 26, 2012, more than one year later.

## C. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling because Hawk negligently failed to alert him to the AEDPA statute of limitation. *See* Reply to OSC, ECF #9. Petitioner also claims that his transfer to Arizona on March 28, 2012, and resultant "lockdown for a week or more upon arriving," is responsible for his failure to file a federal petition on or before April 5, 2012 (implicitly acknowledging the date the Hawaii Supreme Court denied *certiorari* in his post-conviction proceedings). Petitioner also suggests that he seeks equitable tolling based on Choy's failure to directly appeal his conviction. *See* Pet., ECF #1, Grounds One and Three.

### 1. *Standard for Equitable Tolling*

The statute of limitation may be equitably tolled in appropriate circumstances. *Holland*, 130 S. Ct. at 2560–62.

9

Equitable tolling is the exception rather than the norm, however. *See, e.g., Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). "Indeed, the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

To be entitled to equitable tolling, a petitioner must "show[] '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Both elements must be met. *Pace*, 544 U.S. at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). The petitioner bears the burden of showing that equitable tolling applies. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

The petitioner must establish not only the existence of an extraordinary circumstance but also that the extraordinary circumstance was, in fact, the cause of the untimely filing of the federal habeas petition. *See Bryant v. Arizona Att. Gen.*,

499 F.3d 1056, 1061 (9th Cir. 2007); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006); *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005) (observing that, in each of the cases in which equitable tolling has been applied, the requisite "extraordinary circumstances" have been based on "wrongful conduct" that "actually prevented the prisoner from preparing or filing the habeas petition"). Thus, "[a] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant*, 499 F.3d at 1061.

### 2. *Petitioner is Not Entitled to Equitable Tolling*

To the extent Petitioner argues that he is entitled to equitable tolling based on Choy's failure to file a notice of appeal or Hawk's failure to alert him to the federal statute of limitation, these claims fail. First, attorney negligence is not a sufficient basis for applying equitable tolling to the § 2244(d)(1) limitation period. *Holland*, 130 S. Ct. at 2564; *see, e.g.*, *Lawrence*, 549 U.S. at 336 (attorney miscalculation of limitations period insufficient to warrant equitable tolling); *Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (rejecting claim for equitable tolling based on counsel's alleged negligence in failing to perfect appeal), *cert. denied*, --- U.S. ----, 2010 WL 3236606 (Oct. 12, 2010).

While attorney misconduct may constitute an extraordinary circumstance warranting equitable tolling, tolling is only available when the conduct is "sufficiently egregious."

11

*Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010); *Spitsyn v. Moore*, 345 F.3d 796, 800, 801 (9th Cir. 2003) (equitable tolling warranted where attorney was hired nearly a full year in advance of the deadline but completely failed to prepare and file a petition, was contacted by petitioner and his mother numerous times by telephone and in writing, and retained the file beyond the expiration of the statute of limitations). Neither Choy's nor Hawk's actions were sufficiently egregious to support a finding of attorney misconduct.

Choy's failure to file a notice of appeal, as Petitioner claims he instructed Choy to do *while Petitioner was on parole*, is not attorney misconduct. First, by the time Petitioner was paroled, the time for direct appeal had long passed. Second, even if Petitioner made this request earlier, it is clear that Choy believed an appeal was unwarranted. Based on the favorable terms Petitioner received, and the limitations on filing an appeal after accepting a plea agreement, Choy's failure to file an appeal was not "sufficiently egregious" to arise to attorney misconduct, and constitutes at most nothing more than negligence. *See Greene v. Cate*, 2009 WL 5280657, *6 (C.D. Cal. Dec.31, 2009); *Tolliver v. McDonald*, 2009 WL 2525133, *6 (C.D.Cal. Aug.10, 2009); *Jara v. Campbell*, 2005 WL 2671407, *4 (E.D. Cal.2005).

Hawk's alleged failure to inform Petitioner regarding the AEDPA's statute of limitation similarly fails to qualify

12

Petitioner for equitable tolling. As noted above, the statute of limitation had already expired before Petitioner filed the post-conviction proceedings. Its filing did not revive the statute of limitation and Hawk's alleged failure to inform him of AEDPA's requirements is non-consequential.

Moreover, Hawk was appointed by the state court to represent Petitioner in state post-conviction proceedings. Hawk was under no obligation of which this court is aware to notify Petitioner regarding possible claims and limitation dates for filing a federal habeas corpus petition. It is Petitioner's duty to diligently pursue his post-conviction rights, whether state or federal and his failure to do so does not warrant equitable tolling. Hawk's alleged failure to inform Petitioner regarding the AEDPA's statute of limitation is, if anything, "garden variety" negligence, and is not an extraordinary circumstance that warrants equitable tolling. *See Cristin v. Wolfe*, 168 Fed. App'x 508 (3d Cir. 2006) (rejecting petitioner's argument that she was entitled to equitable tolling because counsel never informed her that he was not filing discretionary petition in state's highest court, never explained that she could file a petition for a writ of habeas corpus in federal court, and never explained to her the deadlines for such filing); *Martin v. Hurley*, 150 Fed. App'x 513 (6th Cir. 2005) (attorney's failure to advise petitioner of ADEPA deadline is not extraordinary circumstance warranting equitable tolling); *Betterson v. Ricci*,

13

No. 09-5729, 2011 WL 32491 *4 (D.N.J., Jan. 03, 2011).

Even assuming Choy's and Hawk's actions were wrongful or egregious, Petitioner does not explain the causal connection between these alleged failures and his own failure to file his federal habeas petition on time. Petitioner admits that he knew of Choy's failure to file a notice of appeal while he was on parole, between April 2005 and December 2007, yet he did not file his pro se state post-conviction petition until his parole was revoked. This suggests that Petitioner enjoyed the benefit of his plea bargain, a minimum term *less* than HPA guidelines detail, and saw no reason to challenge it until his parole was revoked and this benefit was revoked. Choy's failure to perfect Petitioner's appeal simply meant that Petitioner had one year from the expiration of the time to file a notice of appeal in which to initiate a federal habeas action - it did not prevent him from filing a federal petition. *See Randle*, 604 F.3d at 1057-58 (no equitable tolling where alleged negligence of counsel in, among other things, failing to perfect timely appeal and failing to provide petitioner with case files in timely manner had little to no bearing on petitioner's ability to file timely federal habeas action).

Similarly, even if Petitioner's state post-conviction petition restarted the statute of limitation, *and* Hawk informed him of AEDPA's requirements, the statute of limitation would have nonetheless expired on **April 5, 2012**, more than three months

14

before Petitioner filed the present Petition. If the court *also* tolled the time during which Petitioner was transferred to Arizona and allegedly in lockdown, several weeks at most, Petitioner still fails to show that he acted with the requisite diligence to justify equitable tolling. "Petitioner's own failure to exercise due diligence in investigating the procedure which governed his federal claims does not elevate his situation to the 'rare and exceptional circumstance' required to justify equitable tolling." *Cooper v. Travis*, No. 08 Civ. 0021, 2010 WL 3523022, at *2 (E.D. La. Sept. 2, 2010).

Petitioner filed this Petition long after the statute of limitation ran at the conclusion of his direct criminal proceedings in state court, and one year and three months after the Hawaii Supreme Court rejected his *certiorari* application in his state post-conviction proceeding. The Petition is time-barred.

### IV. Conclusion

The Petition is DISMISSED with prejudice as time-barred. A certificate of appealability is DENIED because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

15

DATED: Honolulu, Hawaii, October 1, 2012.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Apilando v. State*, 1:12-00427 LEK-BMK; ORDER DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY; psas/habeas/dmp 2012/Apilando 12-427 (imp rsp & time bar)